# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DESMOND MARTIN,** | : | Civil No. 1:12-CV-2410 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| **GERHARD, et al.,** | : | (Magistrate Judge Carlson) |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

The background of this order is as follows:

The plaintiff, a state inmate proceeding *pro se*, commenced this action by a complaint on December 3, 2012. (Doc. 1.) The plaintiff then filed a motion to amend his complaint, on April 15, 2013, prior to the filing of any responsive pleading by the defendants. (Doc. 15.) Two weeks later, on May 3, 2013, the defendants filed a motion to dismiss the original complaint. (Doc. 17.)

Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of pleadings, strongly favors amendment of pleadings at the outset of litigation, and provides in pertinent part as follows:

>  **(a) Amendments Before Trial.**
> **(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>     **(A)** 21 days after serving it, or

>> **(B)** if the pleading is one to which a responsive pleading is
> required, 21 days after service of a responsive pleading

In this case the plaintiff timely moved to amend this complaint. Therefore, the plaintiff is entitled to amend this complaint as a matter of course, the motion to amend (Doc. 15.), is GRANTED and all the plaintiff is ORDERED to file an amended complaint on or before **June 10, 2013**.

However, we instruct the plaintiff that this "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). See e.g., Biggins v. Danberg, No. 10-732, 2012 WL 37132 (D.Del. Jan. 6, 2012); Quirindongo v. Federal Bureau of Prisons, No. 10-1742, 2011 WL 2456624 (M.D. Pa. June 16, 2011). Therefore, in amending this complaint, the plaintiff's amended complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff

2

complains. This complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed. Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The complaint should set forth plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs. It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought. Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants. The court further places the plaintiff on notice that failure to comply with this direction may result in the dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure. The court also notifies the plaintiff that, as a litigant who has sought leave to proceed *in forma pauperis,* his complaint may also be subject to a screening review by the court to determine its legal sufficiency. See 28 U.S.C. § 1915(e)(2)(B)(ii).

We believe that this development has substantive significance for the parties since, as a matter of law, an amended complaint takes the place of the original complaint, effectively invalidating the original complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of

no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is interposed, the original pleading no longer performs any function in the case…."). Since the complaint in this case has been amended, the original complaint is now a nullity, and any motion to dismiss challenging a count contained in that original complaint is now moot. Therefore, we will DISMISS the pending motion to dismiss the plaintiff's first complaint (Doc. 17.) as moot, but without prejudice to the defendants renewing this motion as to the amended complaint.

SO ORDERED, this 16th day of May 2013.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge