IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DESMOND MARTIN, | : | |
|     Plaintiff, | : | 1:12-cv-2410 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| GEARHART, *et al.*, | : | |
|     Defendants. | : | |

### MEMORANDUM AND ORDER

### May 7, 2014

## I.    BACKGROUND

On December 3, 2012, Plaintiff, Desmond Martin, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 naming as Defendants employees at the State Correctional Institution at Rockview ("SCI-Rockview") in Bellefonte, Pennsylvania. (Doc. 1). Plaintiff filed an Amended Complaint on June 6, 2013 alleging constitutional violations for events that occurred at SCI-Rockview. (Doc. 19). On June 20, 2013, a motion to dismiss was filed by Defendant Gearhart and Sergeant Knight, which was granted in part and denied in part. (Doc. 22). By Order dated October 30, 2013, Sergeant Knight was dismissed from this action, Plaintiff's claims against Defendants in their official capacities were dismissed, the Amended Complaint was directed to be served on Defendants Davis and Sherman, and Defendant Gearhart was directed to file a responsive pleading.

(Doc. 31). Defendant Gearhart filed his answer on November 25, 2013. (Doc. 36).

On January 21, 2014, Defendants Davis and Sherman filed a motion to dismiss the Amended Complaint and a supporting brief was filed on February 4, 2014. (Docs. 43, 44). Plaintiff filed a brief in opposition to the motion to dismiss on February 20, 2014. (Docs. 45, 46). By Order dated April 3, 2014, the motion to dismiss the Amended Complaint was granted in part and denied in part. (Doc. 47). Plaintiff's claims against Defendants in their official capacities were dismissed, Plaintiff's retaliation claim against Defendant Davis was dismissed, and Defendants' motion to dismiss the Eighth Amendment conditions of confinement claim was denied. (Doc. 47). Additionally, Defendant Davis was directed to be terminated as a party to this action and Defendant Sherman was directed to file a responsive pleading. (Doc. 47).

On April 15, 2014, Plaintiff filed a Notice of Appeal to the Third Circuit Court of Appeals as to this Court's April 3, 2014 Order. (Doc. 52). On April 16, 2014, Plaintiff filed objections to the April 3, 2014 Order. (Doc. 48). This Court will construe the objections as a motion for reconsideration. *See Brodzki v. Fox Broadcasting*, 464 Fed. Appx. 43, *2 (3d Cir. 2012) (stating that the District Court did not err in denying Brodzki's "objections" inasmuch as the objections

amounted to a motion to reconsider); *Turner v. Apker*, 133 Fed. Appx. 849 (3d Cir. 2005) (reviewing the inmate's "objections" to the District Court's order, which the District Court construed as a motion for reconsideration). Pursuant to Local Rule 7.10, Plaintiff was required to file a brief in support of his motion for reconsideration. *See* Local Rule 7.10 ("Any motion for reconsideration or reargument must be accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned."). Plaintiff failed to file a supporting brief. However, given Plaintiff's *pro se* status, this Court shall permit him to proceed. *See Haines v. Kerner*, 404 U.S. 519 (1972) (*Pro se* parties are accorded substantial deference and liberality in federal court).

## II.   STANDARD OF REVIEW

"A motion for reconsideration is a device of limited utility." *Bartelli v. Fedak*, 2006 U.S. Dist. LEXIS 29697, *4 (M.D. Pa. 2006) (Kosik, J.). It may be used only to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986); *Sibio v. Borough of Dunmore*, 2007 U.S. Dist. LEXIS 35380, *4 (M.D. Pa. 2007) (Caputo, J.). A motion for reconsideration may also be appropriate in instances where the court has misunderstood a party, or has made a decision outside the adversarial issues

presented to the court, or has made an error not of reasoning, but of apprehension. *See Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995) (Vanaskie, J.), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996). "Federal district courts should grant such motions sparingly because of their strong interest in finality of judgment." *Bartelli*, 2006 U.S. Dist. LEXIS at *4, *citing Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). "In order to prevail, a party seeking reconsideration must demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Rinaldi v. Sniezek*, 2008 U.S. Dist. LEXIS 46547, *2 (M.D. Pa. 2008) (Rambo, J.) (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration is not to be used as a vehicle for the losing party to rehash arguments already disposed of or as an attempt to relitigate a point of disagreement between the court and the litigant. *See Turner v. Apker*, 133 Fed. Appx. 849, 850 (3d Cir. 2005); *Sibio*, 2007 U.S. Dist. LEXIS at 35383. "Such motions are therefore not appropriate if the movant intends only that the court hear new arguments or supporting facts." *Dougherty v. Farmers New Century Insurance Company*, 2007 U.S. Dist. LEXIS 26058, *6 (M.D. Pa. 2007)

4

(Nealon, J.), *citing Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992).

### III.   DISCUSSION

In the instant motion for reconsideration, Plaintiff argues that Defendant Davis should not be dismissed as a party to this action. (Doc. 48). He states that the Amended Complaint sets forth allegations of cruel and unusual punishment and excessive force against Defendant Davis. (Doc. 48, ¶ 2). Upon review of the Amended Complaint, Plaintiff has set forth allegations of cruel and unusual punishment and excessive force against Defendant Davis. *See* (Doc. 19, ¶¶ 8, 38-44, 64-65). Plaintiff alleges that Defendant Davis "used unnecessary and excessive force" against him, he violently forced Plaintiff out of the gymnasium, he "push[ed], shoved and wrestled the plaintiff to the ground", he overpowered Plaintiff, and "rammed the plaintiff into the barred cast-iron door" of the gymnasium, causing physical and psychological injuries. (Doc. 19, ¶¶ 39-44, 64, 65). Specifically, Plaintiff alleges that he twisted his right ankle and injured his right shoulder, and had to seek medical attention for these injuries. (Doc. 19, ¶¶ 8, 65). Plaintiff's motion for reconsideration has demonstrated that Defendant Davis

should remain a party to this action.[1]  However, Plaintiff's retaliation claim against Defendant Davis shall remain dismissed.  *See* (Doc. 47).  Plaintiff will be permitted to proceed with his additional allegations against Defendant Davis as set forth in the Amended Complaint.

## IV.    CONCLUSION

Plaintiff's objections filed on April 16, 2014 will be construed as a motion for reconsideration and will be granted.  This Court's Order of April 3, 2014 will be amended as to the termination of Defendant Davis from this action, and he shall remain a party to this action.  Plaintiff shall be permitted to proceed with his additional allegations against Defendant Davis.

**NOW**, **THEREFORE**, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's objections (Doc. 48) are construed as a motion for reconsideration and said motion is **GRANTED**.  Plaintiff is permitted to proceed with his additional allegations against Defendant Davis as set forth in the Amended Complaint.  *See* (Doc. 19, ¶¶ 8, 38-44, 64-65).

2. This Court's Order dated April 3, 2014 (Doc. 47), is amended solely as to the termination of Defendant Davis as a party in the above-captioned case.  Corrections Activities Specialist Davis shall remain a Defendant in this action.

---

[1] A review of the docket sheet reveals that Defendant Davis has not been terminated as a Defendant in this case. *See Martin v. Gearhart, et al.*, No. 1:12-cv-2410 (M.D. Pa. 2012) (Jones, J.).

6

3. In the event that Defendant Davis has been terminated from the above-captioned case, the Clerk of Court is directed to add Corrections Activities Specialist Richard Davis as a Defendant in this action.

4. Defendant Davis is directed to file a responsive pleading within twenty-one (21) days of the date of this Order.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge
